**BERNARDO et al., Appellants,**

v.

**ANELLO et al., Appellees.**

[Cite as *Bernardo v. Anello* (1988), 61 Ohio App.3d 453.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 54652.

Decided Dec. 12, 1988.

454

*Donald J. Huffman,* for appellants.

*James A. Sennett, Karen Feibel Aronoff* and *Michael C. Wyatt,* for appellees.

PRYATEL, Chief Justice.

Plaintiffs-appellants Richard R. and Victoria Bernardo appeal from summary judgments granted in favor of National City Bank ("NCB"), Joseph and Diane Anello ("the Anellos") and Nationwide Insurance Company ("Nationwide").

The relevant facts are as follows. During Richard Bernardo's visit to the home of his sister and brother-in-law, defendants Joseph and Diane Anello, he injured the tip of his finger when a piece of sandstone fell from a retaining wall. The attorney (defendant Carmen Russo), whom the plaintiff and his wife, Victoria Bernardo, hired to represent them, apparently, without authority, settled their claim against the Anellos with Nationwide for $15,000. Plaintiffs allege that attorney Russo fraudulently endorsed Richard Bernardo's signature on the settlement check and converted the proceeds to his own use by depositing the settlement check in his personal account with NCB.

On May 29, 1986, plaintiffs filed a complaint against NCB, Nationwide, the Anellos and attorney Carmen Russo. The complaint alleged personal injury and loss of consortium, companionship and services claims against the Anellos. With respect to Carmen Russo, the complaint alleged that Russo settled the claim without consent and fraudulently endorsed Richard Bernardo's signature to the settlement check from Nationwide. The complaint also alleged that Nationwide negligently entrusted the settlement check to attorney Russo. Finally, as to NCB, the complaint alleged that NCB converted the settlement check by accepting and paying the check over a forged endorsement. All defendants, with the exception of Russo, answered plaintiffs' complaint.

On July 15, 1987, Nationwide and the Anellos filed a motion for summary judgment. An affidavit from the claims representative (Stephen Kadar) for Nationwide was offered in support of the motion. On the same day, NCB

filed a separate motion for summary judgment. Attached to the motion was an affidavit from the bank's branch operations manager (John Szucs).

On September 21, 1987, the trial court granted, in separate journal entries, both motions for summary judgment. These entries were journalized on September 24, 1987. On September 22, 1987, eleven days after the court-ordered deadline, plaintiffs filed their briefs in opposition to the summary judgment motions. On September 24, 1987, plaintiffs filed a motion to vacate the summary judgments. This motion was granted on November 4, 1987 and journalized on November 10, 1987.

On October 23, 1987, plaintiffs filed a notice of appeal from the orders granting summary judgment.

On October 30, 1987, the trial court entered default judgment against attorney Russo. This ruling has not been appealed.

Notwithstanding the notice of appeal filed on October 23, 1987, on November 5, 1987, the trial court reconsidered the motions for summary judgment together with plaintiffs' briefs in opposition. The court again granted defendants' motions for summary judgment. These orders were journalized on November 10, 1987. By making these rulings, the trial court fully disposed of all of plaintiffs' claims against all defendants.

Assignment of Error No. I:

"I. The trial court erred in granting summary judgment in favor of defendants, Anello and Nationwide, and against plaintiff, Victoria Bernardo, because Victoria Bernardo's name was missing from the so-called 'settlement check,' thereby making it possible for reasonable minds to differ concerning the conclusion that plaintiff Victoria Bernardo's claim was settled."

Civ.R. 56(C) provides the procedure for summary judgment. The rule provides in pertinent part:

" * * * Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact * * * show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor. * * * "

"The burden of showing that no genuine issue exists as to any material fact falls upon the moving party in requesting a summary judgment." *Harless v.*

*Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 74, 375 N.E.2d 46, 47.

■ Appellees, Nationwide and the Anellos, supported their motion for summary judgment with an affidavit from the insurance claims representative. The representative averred that he handled the claim by appellants against Nationwide's insureds, Joseph and Diane Anello, which was settled for $15,000. The settlement was negotiated over the telephone with attorney Russo. To the representative's knowledge, information and belief, at the time of the settlement, Russo was acting with the appellants' authority and was not under investigation by the Insurance Crime Prevention Institute or any other agency. Further, that at the time of the settlement, the claims representative had no reason to believe Russo was going to do anything other than deliver the proceeds to the appellants.

Attached to appellants' brief in opposition to the summary judgment motion of the Anellos and Nationwide was an affidavit from their (appellants') current attorney, consisting of three paragraphs, which stated:

"1. That he is attorney of record for plaintiffs, Richard and Victoria Bernardo, in Case No. 110793, Court of Common Pleas, Cuyahoga County, Ohio;

"2. That Affiant has made a diligent search of court files in the Court of Common Pleas, Cuyahoga County, and has made the statements and allegations made in the attached Brief based upon a reading of the pleadings and affidavits contained in those files;

"3. That Affiant has interviewed a former member of the Prosecutor's Office of Lake County and that the allegations and statements contained in the attached Brief are based upon the contents of that discussion[.]"

Nationwide and the Anellos contend that appellants failed to oppose their summary judgment motion with evidentiary materials sufficient to satisfy Civ.R. 56(E).

■ The only evidence introduced by appellants was their new attorney's affidavit. This evidentiary material fails to establish that Russo acted without authority or that Victoria Bernardo's claim was not settled, since it relies on inadmissible hearsay which cannot justify a summary judgment. Civ.R. 56(E); *Penwell v. Taft Broadcasting Co.* (1984), 13 Ohio App.3d 382, 386, 13 OBR 466, 469, 469 N.E.2d 1025, 1029.

■ However, the burden is upon the moving party to establish the nonexistence of any material factual issues; thus, the lack of a response by the opposing party cannot, of itself, mandate the granting of summary judgment. *Morris v. Ohio Cas. Ins. Co.* (1988), 35 Ohio St.3d 45, 47, 517 N.E.2d 904, 906.

Thus, notwithstanding appellants' lack of response, appellees are not entitled to summary judgment absent proof that such judgment is appropriate, pursuant to Civ.R. 56(C). *Id.*

First, appellants argue that the settlement check contains only the names of Richard Bernardo and attorney Carmen Russo and, further, that since neither Richard nor Victoria Bernardo executed a release of their claims, that reasonable minds could differ as to whether the claim of Victoria Bernardo was settled.

Nationwide and the Anellos argue that summary judgment was appropriate because the claims were settled. To support their position, they offered an insurance representative's affidavit in which the representative averred that both claims were settled. However, we note that the settlement check was made payable to Richard Bernardo and Carmen Russo only. Nor did the insurance company produce any other type of documentation revealing that both claims were settled. Thus, Nationwide and the Anellos failed to sustain their burden of establishing the non-existence of any material factual issues. The first assignment of error is sustained.

Assignment of Error No. II:

"II. The trial court erred in granting summary judgment in favor of defendants, Anello and Nationwide, and against plaintiff, Richard R. Bernardo, because plaintiffs' attorney, defendant, Carmen J. Russo, had no inherent authority to endorse his client's name to a settlement check, thereby leaving plaintiffs' claims against the said defendants in effect."

Second, appellants maintain summary judgment was inappropriate as Russo did not have the authority to settle the claim.

Nationwide and the Anellos argue that summary judgment was appropriate because (1) attorney Russo had authority to settle the claims, and (2) appellants are bound by the settlement. Appellees argue alternatively that, assuming Russo did not have authority to settle the claim, appellants have ratified the settlement made on their behalf by their agent Russo.

▬ An attorney who is without special authorization has no implied or apparent authority, solely by virtue of his general retainer, to compromise and settle his client's claim or cause of action. *Morr v. Crouch* (1969), 19 Ohio St.2d 24, 48 O.O.2d 43, 249 N.E.2d 780, paragraph two of the syllabus. Nor does an attorney possess the inherent authority, arising solely from the attorney-client relationship, to endorse his client's name on a settlement check. *Morris, supra,* 35 Ohio St.3d at 49, 517 N.E.2d at 908.

Thus, Russo's endorsement appearing on the check was unauthorized and the payment of the check, as endorsed, may have constituted a conversion pursuant to R.C. 1303.55(A).

R.C. 1303.40(A) provides that an unauthorized signature is wholly inoperative as that of the person whose name is signed unless he ratifies it or is precluded from denying it; but it operates as the signature of the unauthorized signer in favor of any person who in good faith pays the instrument or takes it for value. Hence, an unauthorized signature does not operate as the signature of the named payee and accordingly may not act to pass title to an instrument or relieve the drawer of his obligation to pay the payee. *Morris, supra,* at 50, 517 N.E.2d at 909.

Ratification occurs when the principal conducts himself in such a manner which shows his intention to accept an unauthorized transaction. *Meyer v. Klensch* (1961), 114 Ohio App. 4, 18 O.O.2d 261, 175 N.E.2d 870. Ratification by a principal cannot occur unless the principal has full knowledge and understanding of the acts performed by the agent. *Morr, supra,* 19 Ohio St.2d at 29, 48 O.O.2d at 45, 249 N.E.2d at 783. An unauthorized act may, by implication, be ratified through the acceptance of the benefits of such act. *Morr, supra.*

In the instant case, appellants vigorously argue that they lacked knowledge of their agent's acts. Moreover, it appears that appellants never received the benefit of Russo's actions. However, Nationwide and the Anellos argue appellants ratified the settlement agreement and delivery of the settlement check to Russo when they filed their claim to recover the settlement proceeds from the Ohio Supreme Court's Clients' Security Fund and when they brought suit against Russo and National City Bank.

This last allegation is meritless as a person whose name is forged may sue any party in the transactions who gave money for the instrument, since paying on a forged endorsement is conversion. However, these divergent positions create a genuine issue of material fact. Accordingly, we conclude summary judgment was inappropriately granted in favor of Nationwide and the Anellos. This assignment of error is sustained.

Assignment of Error No. III:

"III. The trial court erred in granting summary judgment in favor of defendant, National City Bank, because there remained genuine issues of material fact thereby making it impossible for the moving party to be entitled to judgment as a matter of law."

Appellee, NCB, supported its motion for summary judgment with an affidavit from its branch operations manager which averred that:

"3. My duties and responsibilities with * * * National City Bank * * * include the implementation and supervision of policies and practices utilized by tellers in accepting for deposit into checking accounts, one or more item(s) from known customers of the banks.

"4. The policy and practice of National City Bank * * * require the inspection of all items presented for deposit by known bank customers. The inspection does include a review of the reverse side of the item(s) and that it contains endorsements.

"5. Based upon my review of the records and the facts of the case at bar, Carmen J. Russo presented a completed deposit ticket along with Nationwide Check No. 292394 to Teller No. 4 at the Southgate Branch Office of National City Bank on October 2, 1984.

"6. The amount stated on the deposit ticket is $15,000.

"7. A true and accurate copy of this deposit ticket, and Nationwide Insurance Check No. 292394 as they appear in the National City Bank corporate records kept in the ordinary course of business are attached hereto and made a part hereof as Exhibits 'A' and 'B', respectively. The check was deposited into the account number referenced on the deposit ticket and no portion of the check was cashed.

"8. The proceeds of the check were deposited into the Carmen J. Russo Co. L.P.A. account as of October 2, 1984 and the subject check was presented for payment to the drawee-payor bank, The Hartford Bank and Trust Company.

"9. Based upon a CRT search, as of October 2, 1984, Richard R. Bernardo was not a deposit account customer of National City Bank."

Appellants' brief in opposition to NCB's summary judgment motion incorporated by reference appellants' brief in opposition to the Anellos' and Nationwide's motion. Thus, the affidavit attached to this brief in opposition was incorporated by reference into appellants' brief in opposition to NCB's motion. As previously stated, appellants' failure to respond by evidentiary material is not necessarily fatal as NCB must first prove summary judgment is appropriate pursuant to Civ.R. 56(C).

R.C. 1303.55(C) provides that a representative, including a depositary or collecting bank, who has in good faith and in accordance with the reasonable commercial standards applicable to the business of such representative, dealt with the instrument or its proceeds on behalf of one who is not the true owner, is not liable for conversion or otherwise to the true owner beyond the

amount of any proceeds remaining in his hands. "Good faith" is defined as "honesty in fact in the conduct or transaction concerned." R.C. 1301.01(S).

Appellants argue in their brief in opposition that Russo had a long history of depositing fraudulently endorsed checks in his bank account at NCB. Appellants then cite several examples of fraudulently endorsed checks and of lawsuits generated by Russo's activities.

With these allegations in mind, whether NCB's policies regarding check deposits were in accordance with reasonable commercial standards is a question of fact. Therefore, summary judgment to NCB was improper. This assignment of error is sustained.

The judgment is reversed and the cause is remanded.

*Judgment accordingly.*

NAHRA and PARRINO, JJ., concur.

THOMAS J. PARRINO, J., retired, of the Eighth Appellate District, sitting by assignment.