JOURNAL ENTRY AND OPINION
Brookwood Inn, Inc. appeals from a decision of the common pleas court to grant summary judgment in favor of the City of Brook Park, in connection with actions taken by the city to remove the occupants from its facility, which formerly operated as a motel located at 16789 Brookpark Road in the city of Brook Park. It sued the city for canceling its occupancy permit and closing the facility. Brookwood alleged that Brook Park tortiously interfered with the beneficial use and enjoyment of its property and impaired its rental agreements with its occupants and sought compensatory, punitive and exemplary damages against the City of Brook Park, Mayor Thomas Coyne, Director of Public Safety James Evans, Chief of Police Thomas Dease, Fire Chief Neal Donnelly, Fire Prevention Officer Rick Bublick, and Assistant Fire Prevention Officer Mark Ramach, jointly and severally. The court denied that relief by granting summary judgment in favor of the city.
On this appeal, Brookwood alleges that the court erred when it granted summary judgment because the affidavit of Herbert Whiting, President of Brookwood, submitted in opposition to that motion presented genuine issues of material fact for trial. After reviewing this case, we have concluded the assignment of error presented is without merit and, therefore, we affirm the judgment of the trial court.
The record reveals that Brookwood is the owner of a 90-room complex, which operated as a licensed motel for almost thirty years until 1991, when Whiting advertised it as an apartment complex in the Cleveland Plain Dealer and informed the State Fire Marshal that, because the Inn would operate as an apartment complex, it would not be renewing its hotel/motel license.
On December 1, 1992, the Mayor of Brook Park, Thomas Coyne, wrote a letter to Whiting advising him that Brookwood Inn's change in occupancy from an Inn to an apartment complex constituted an Occupancy Permit violation. In response, Whiting wrote to the mayor and stated that he had mistakenly referred to the rooms at Brookwood as apartments. In an effort to correct the problem, Whiting requested a renewal application for a hotel/motel license from the State Fire Marshall's office, but never received one because the Fire Marshall informed him that the license had expired and could not be renewed.
On January 11, 1993, the Law Director for the City of Brook Park, David Lambros, informed Whiting and Brookwood that its operation as a motel without a license violated state law. When Whiting failed to respond, the city instructed the occupants of Brookwood to vacate the premises by January 31, 1993, and the city closed Brookwood Inn on February 12, 1993.
On February 2, 1994, Brookwood filed an action in the United States District Court, Northern District of Ohio, known as case number 94 CV 278, against the City of Brook Park and the above named defendants, alleging due process violations, and tortious interference with the beneficial use and enjoyment of the property and with its rental contracts. Both parties moved for summary judgment, and the federal court granted summary judgment in favor of the defendants, finding that no constitutional deprivation had occurred. The court, however, dismissed Brookwood's state tort claims without prejudice.
Four years later, on March 12, 1998, Brookwood filed a complaint in common pleas court on the state tort claims originally filed in federal court and also incorporated a due process claim. Thereafter, the city moved for summary judgment on Brookwood's state tort claims asserting sovereign immunity as a complete defense. In response, Brookwood urged that the city's willful destruction of its business does not constitute a governmental function and therefore maintained that the city could not assert immunity as a defense to the lawsuit. The trial court, however, granted summary judgment in favor of the city, stating:
 Defendants motion for summary judgment is well taken and granted as no genuine issues of material fact exist and defendants are entitled to judgment as a matter of law. Defendants have demonstrated through proper evidentiary material that there are no genuine issues of material fact. Plaintiff has failed to meet its reciprocal burden of setting forth issues for trial. * * * Defendants are entitled to immunity under Ohio's political subdivision tort liability act. Plaintiff has failed to provide evidence necessary to overcome the immunity of the defendants. Specifically, plaintiff has not provided sufficient evidence that defendants acted maliciously, recklessly or in bad faith. Plaintiff's self-serving affidavit is insufficient to establish a genuine issue for trial. Final. (Emphasis added.)
Brookwood now appeals, setting forth the following assignment of error for our review:
 AS A MATTER OF LAW, THE TRIAL COURT COMMITTED REVERSIBLE ERROR TO THE PREJUDICE OF THE PLAINTIFF/APPELLANT WHEN IT HELD THAT PLAINTIFF/APPELLANT'S AFFIDAVIT WAS INSUFFICIENT TO ESTABLISH A GENUINE ISSUE FOR TRIAL.
Brookwood asserts that the trial court erred in granting summary judgment to the city because Whiting's affidavit sets forth genuine issues of material fact regarding whether the city is entitled to judgment as a matter of law.
The city maintains, however, that the trial court correctly granted summary judgment because Whiting's affidavit does not conform to Civ.R. 56(E), in that it is not based on personal knowledge, it contains hearsay, and is largely conjecture and opinion; the city also asserts that immunity is a legal question which the court has already resolved.
We are concerned, therefore, with whether the trial court correctly granted summary judgment in this case.
Civ.R. 56(C) provides in part:
 * * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.
Additionally, Civ.R. 56(E) provides in part:
 Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. * * * When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him. (Emphasis added.)
See, also, Pond v. Carey Corp. (1986), 34 Ohio App.3d 109, where the court determined that an affidavit, containing statements which could not all have been elicited from the affiant and which contained hearsay had not been based on personal knowledge, failed to conform to Civ.R. 56(E).
In reviewing a motion for summary judgment, the court must construe the evidence and all reasonable inferences drawn therefrom in a light most favorable to the party opposing the motion. Morris v. Ohio Cas. Ins. Co. (1988), 35 Ohio St.3d 45; Harliss v. Willis Day Warehousing (1978), 54 Ohio St.2d 64.
In Dresher v. Burt (1996), 75 Ohio St.3d 280, the court held:
 * * * However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party.
Further, the court in Tomlinson v. City of Cincinnati (1983),4 Ohio St.3d 66, stated that an affidavit filed in support of a motion for summary judgment is properly considered by a trial court or reviewing court only when it meets the requirements set forth in Civ.R. 56(E). A trial court addressing summary judgment is not required to accept conclusory allegations that are devoid of any evidence which would create an issue of material fact. McCartney v. Oblates of St. Francis deSales (1992) 80 Ohio App.3d 345. Statements contained in affidavits must be based on personal knowledge and cannot be legal conclusions. State v. Licsak (1974),41 Ohio App.2d 165. The term personal knowledge is defined in Black's Law Dictionary (6 Ed. 1990) 604 as:
 Personal knowledge is defined as, [k]nowledge of the truth in regard to a particular fact or allegation, which is original, and does not depend on information or hearsay. * * *.
Additionally, the court in Bernardo v. Anello (1988), 61 Ohio App.3d 453
stated that [a] motion for summary judgment cannot be supported by an affidavit that consists of hearsay or other inadmissible evidence.
In response to the city's motion for summary judgment, Brookwood submitted Whiting's nine page, forty-three paragraph affidavit. Whiting's affidavit does not fulfill the personal-knowledge requirement of Civ.R. 56(E) because it contains hearsay statements, opinion, purported motivations, legal conclusions, and conclusory allegations, as well as statements which contradict written documents authored by Whiting. Accordingly, the trial court did not err in its determination that the affidavit failed to establish a genuine issue of fact for trial.
Even if Whiting's affidavit had been sufficient to establish such an issue, the city and its employees are immune from suit in accordance with R.C. 2744.02(A)(1), which states:
 * * * a political subdivision is not liable in damages in a civil action for injury, death, or loss to persons or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function.
R.C. 2744.03, which deals with defenses or immunities of a subdivision or an employee also provides the following exceptions in subsection (A)(6):
 In addition to any immunity or defense referred to in division (A)(7) of this section and in circumstances not covered by that division, the employee is immune from liability unless one of the following applies:
 (a) His acts or omissions were manifestly outside the scope of his employment or official responsibilities;
 (b) His acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner; (c) Liability is expressly imposed upon the employee by a section of the Revised Code.
Neither Whiting's affidavit nor the record here demonstrates that the conduct of any city official had been manifestly outside the scope of employment, or official responsibilities; or that any actions had been undertaken with a malicious purpose, in bad faith, or in a wanton or reckless manner; or that liability had been expressly imposed upon an employee by any section of the Revised Code. Thus, the city and its employees are entitled to immunity in this case.
Hence, after construing the evidence in this case most strongly in favor of Brookwood, the non-moving party, we have concluded that the court properly granted summary judgment in favor of the city, because Whiting's affidavit does not comply with the personal-knowledge requirement contained in Civ.R. 56(E) and because the city and its employees are immune from suit in accordance with R.C. 2744.02(A)(1). Therefore, we have concluded, after a careful review that the trial court correctly granted summary judgment in this case. Accordingly, this assignment of error is overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
ANNE L. KILBANE, J. and JAMES M. PORTER, J., CONCUR.
 ___________________________________ TERRENCE O'DONNELL, PRESIDING JUDGE