OPINION
Plaintiff-appellant Timothy Harrison appeals from a summary judgment rendered against him on his claim for damages arising from an automobile accident. Harrison contends that the trial court erred by granting summary judgment because he demonstrated the existence of a genuine issue of fact.
We conclude that the evidence presented by Harrison in opposition to the motion for summary judgment constituted inadmissible hearsay, and was properly excluded by the trial court. We further conclude that, without the affidavit, the record reveals that no issue of fact upon which reasonable minds could differ was established. Accordingly, the judgment of the trial court is Affirmed.
 I
On January 11, 1998, defendant-appellee Emily Klemm was operating a vehicle owned by defendant-appellee David Foley, when she collided with a vehicle being operated by plaintiff-appellant Timothy Harrison. Klemm was not a licensed driver, only having had a learner's permit. Harrison was on duty as a City of Oakwood police officer at the time the collision occurred. As a result of his injuries sustained during the accident, Harrison filed suit against Klemm, Foley, the City of Oakwood, and the Ohio Bureau of Workers' Compensation. The only allegation against Foley was a claim that he negligently entrusted his vehicle to Klemm.
Foley's deposition was taken on March 17, 2000. He testified that at the time of the accident, Klemm was staying at his house while her parents were out of town. He further testified that on the night of the accident, he was asleep in his bedroom when Klemm asked him to drive her somewhere. Foley testified that he declined to drive her, and he went back to sleep. He testified that Klemm later telephoned him to inform him that she had been involved in the accident. According to his testimony, Foley did not give Klemm permission to drive his car, and in fact, was not aware that she had taken his car until she called regarding the accident.
Foley filed a motion for summary judgment and filed his deposition as evidence in support thereof. Harrison filed a response to the motion, in which he argued that Foley had given Klemm permission to use his vehicle. In support, he attached the affidavit of Oakwood police officer, Stephen Tankersley, who investigated the accident. In the affidavit Tankersley averred that "Ms. Klemm advised that the vehicle she was operating was owned by David Foley * * *," and that she "further stated that she was operating said vehicle with the permission and approval of the owner, David Foley."
The trial court granted Foley's motion for summary judgment. The trial court's decision was based on its finding that the statement in Tankersley's affidavit regarding whether Foley had permitted Klemm to drive his car constituted hearsay, and was therefore inadmissible for purposes of determining the merits of the motion. From this judgment, Harrison appeals.
 II
The sole assignment of error presented by Harrison is as follows:
 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT FOUND THAT DEFENDANT DAVID FOLEY WAS ENTITLED TO SUMMARY JUDGMENT AS A MATTER OF LAW WHEN GENUINE ISSUES OF MATERIAL FACT EXISTED REGARDING DEFENDANT FOLEY'S ALLEGED NEGLIGENT ENTRUSTMENT OF HIS AUTOMOBILE TO DEFENDANT KLEMM.
Harrison contends that the trial court erred by rendering summary judgment in favor of Foley. In support, he argues that the affidavit of Officer Tankersley creates a genuine issue of fact whether Foley permitted Klemm to use his vehicle.
We begin by noting that our review of summary judgment is de novo. Long v. Tokai Bank of California (1996), 114 Ohio App.3d 116, 119. Under established standards, summary judgment is appropriate when: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. Zivich v. Mentor Soccer Club, Inc. (1998), 82 Ohio St.3d 367,369-370. With this standard in mind, we turn to Harrison's claim that summary judgment was improper.
Civ.R. 56(E) which governs the use of affidavits as evidence to support a motion for summary judgment states, in part, that "supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit." An affidavit that contains hearsay or other inadmissible evidence is not sufficient to support a motion for summary judgment. Bernardo v. Anello (1988), 61 Ohio App.3d 453, 457; Felker v. Schwenke (1998), 129 Ohio App.3d 427, 431. Additionally, this court has agreed that a trial court does not err by failing to consider hearsay statements contained in affidavits for purposes of summary judgment. See, State v. Johnson (June 19, 1998), Montgomery App. No. 16740, unreported.
Evid.R. 801(C) defines hearsay as a "statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." There can be no doubt that the pertinent statements made by Klemm to Tankersley are hearsay. Therefore, we must determine whether, as Harrison argues, the statements fall within any of the exceptions listed in Evid.R. 803. Specifically, Harrison argues that the statements fall within the present sense impression exception to the hearsay rule.
A present sense impression is a "statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter unless circumstances indicate lack of trustworthiness." Evid.R. 803(1). "The principle underlying this hearsay exception is the assumption that statements or perceptions, describing the event and uttered in close temporal proximity to the event, bear a high degree of trustworthiness." Cox v. Oliver Machinery Co. (1987), 41 Ohio App.3d 28, 35. Moreover, the spontaneity of the statement is the key to the statement's trustworthiness. Id. at 36. The rule requires that the statement be describing or explaining the event in question. "Thus, a statement prompted by an event, but not descriptive or explanatory of it, is inadmissible under this exception." Weissenberger's Ohio Evidence § 803.5.
In this case, the statement by Klemm regarding whether she had permission to drive Foley's car was prompted by the collision, but it was not made to describe or explain the accident. There is no indication in the record how soon after the accident Klemm made the statement. Finally, Klemm's obvious motive to avoid indicating to the investigating police officer that she had taken the car without the owner's permission, which might expose her to serious criminal charges, constitutes a circumstance indicating a "lack of trustworthiness." Therefore, we conclude that Klemm's statement contained in Tankersley's affidavit does not fall within the present sense impression hearsay exception. Moreover, after reviewing the record before us, we find no other exception to the hearsay rule that would render the statement admissible.
In reviewing a motion for summary judgment, the court must construe the evidence and all reasonable inferences drawn therefrom in a light most favorable to the party opposing the motion. Morris v. Ohio Cas. Ins. Co. (1988), 35 Ohio St.3d 45, 47. In Dresher v. Burt (1996), 75 Ohio St.3d 280, the court held that if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party.
In this case, Foley presented sufficient evidence to demonstrate that he did not permit Klemm to use his car. The portions of the affidavit submitted by Harrison to rebut Foley's evidence are inadmissible hearsay, and therefore cannot be considered in determining whether summary judgment is appropriate. Accordingly, the assignment of error is overruled.
 III
The sole assignment of error having been overruled, the judgment of the trial court is Affirmed.
WOLFF, P.J., and GRADY, J., concur.