JOURNAL ENTRY AND OPINION
{¶ 1} This appeal is before the Court on the accelerated docket pursuant to App.R. 11.1 and Loc. App.R. 11.1.
 {¶ 2} Plaintiff-appellant Portia Hines appeals pro se from the decision of the Cuyahoga County Common Pleas Court that granted defendant-appellee National City Bank's motion for summary judgment. After careful review, we affirm.
 {¶ 3} Pursuant to the governing standard, we have construed the facts in a light most favorable to plaintiff as she was the non-moving party. According to the undisputed facts contained in the record, plaintiff opened the subject Mercury credit card account with Orchard Bank Credit Card Services in November, 1995. (R. 10, Ex. 1). On May 14, 1999, plaintiff learned of an unauthorized cash advance made on that account in the amount of $9,000. The May, 1999 statement reflects said cash advance. (R. 8) The June, 1999 statement reflects a correction reversing that cash advance and crediting the finance charges and overlimit fee related thereto. Id. Plaintiff filed an action against defendant National City Bank alleging that it negligently allowed the cash advance on the credit card.
 {¶ 4} The record contains plaintiff's credit report dated September 27, 1999, which indicates that this particular account was reported "with no adverse information." (R. 10) Notwithstanding, the same credit report lists six other accounts that contain information "that some creditors may consider to be adverse." Id. The information contained within that report was not disputed.
 {¶ 5} After engaging in discovery, defendant moved for summary judgment alleging that plaintiff had failed to establish the requisite elements of her claim. In particular, defendant asserted that plaintiff failed to establish any causation between the alleged negligent cash advance and any alleged injury sustained by plaintiff. Defendant also sought judgment for plaintiff's failure to establish the requisite element of damage.
 {¶ 6} Plaintiff responded that genuine issues of material fact existed relying entirely upon the statements of her affidavit which provide in pertinent part: "that as a result of defendant's improper handling of her account she had various credit applications denied, had to utilize many hours of her time calling and filing fraud reports to various individuals and agencies, was unable to use her credit card for an extending [sic] period of time, was humiliated and embarrassed among other things and that her credit standing has been adversely affected as a result of defendant's actions." (R. 9, Aff. P. 3). Plaintiff based her statements on "personal knowledge and belief." Id. at 4.
 {¶ 7} The trial court granted defendant's motion for summary judgment from which plaintiff assigns the following sole assignment of error for our review:
 {¶ 8} "I. The trial court abused it's discretion in granting defendant's motion for summary judgment."
 {¶ 9} We employ a de novo review in determining whether summary judgment was warranted.[1] Grafton v. Ohio Edison Co., 77 Ohio St.3d 102,105, 1996-Ohio-336; Zemcik v. La Pine Truck Sales Equipment
(1998), 124 Ohio App.3d 581, 585.
 {¶ 10} Summary judgment is appropriate where: "(1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. Horton v. Harwick Chem. Corp. (1995), 73 Ohio St.3d 679,653 N.E.2d 1196, paragraph three of the syllabus. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Dresher v. Burt (1996), 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264, 273-274." Zivich v. Mentor Soccer Club, 82 Ohio St.3d 367, 369-70,1998-Ohio-389.
 {¶ 11} Once the moving party satisfies its burden, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E); Mootispaw v. Eckstein,76 Ohio St.3d 383, 385, 1996. Affidavits must be based upon personal knowledge and must set forth such facts as would be admissible in evidence. Civ.R. 56(E). "No evidence or stipulation may be considered except as stated in [Civ.R. 56]." Civ.R. 56(C).
 {¶ 12} Plaintiff had the burden to establish the necessary elements of negligence which are "(1) the existence of a legal duty, (2) the defendant's breach of that duty, and (3) injury that is the proximate cause of the defendant's breach." Wallace v. Ohio DOC (2002),96 Ohio St.3d 266, P22, citing Mussivand v. David (1989),45 Ohio St.3d 314, 318, 544 N.E.2d 265.
 {¶ 13} Defendant set forth specific facts that plaintiff failed to establish the proximate cause and damage elements required to maintain her negligence action. Plaintiff failed to satisfy her corresponding burden to produce admissible evidence to establish that there was a genuine issue of material fact that would enable her negligence claim to survive beyond summary judgment.
 {¶ 14} While plaintiff produced an affidavit, her generalized statements contained within it fail to establish proximate cause between the alleged act of defendant in allowing an unauthorized cash advance and any actual injury to her. While plaintiff may believe there is some correlation, she lacks the requisite first hand, personal knowledge required to allow her statements to qualify as admissible evidence under Civ.R. 56.
 {¶ 15} In accordance with Civ.R. 56(E), statements made in affidavits must be based upon personal knowledge and shall set forth facts as would be admissible in evidence. "`Personal knowledge' is defined as `knowledge of the truth in regard to a particular fact or allegation, which is original, and does not depend on information or hearsay.'" Brookwood Inn, Inc. v. City of Brook Park (June 1, 2000), Cuyahoga App. No. 76200, quoting Black's Law Dictionary (6 Ed. 1990) 604. This court has noted that "`[a] motion for summary judgment cannot be supported by an affidavit that consists of hearsay or other inadmissible evidence.'" Id., quoting Bernardo v. Anello (1988),61 Ohio App.3d 453.
 {¶ 16} Because plaintiff's statements concerning the denial of credit applications depends upon information from some other source, that is the reasons given by the unidentified creditors, her statements amount to inadmissible hearsay.
 {¶ 17} In addition, the independent and uncontested evidence contradicts her belief that defendant's alleged actions caused any damage to her credit or that any credit applications were denied as a result of the facts at issue herein. The credit report concerning plaintiff that is dated September 27, 1999, clearly indicates that the subject credit account was reported with "no adverse information." Ibid.
 {¶ 18} The record also fails to establish any evidence of damage. Again, the uncontested documentation establishes that Orchard Bank reversed the cash advance and credited the account for any finance or overlimit charges associated with that cash advance as reflected in the June, 1999 statement. Plaintiff failed to present any evidence of damage. There is no evidence that she paid any amount of money for the May, 1999 cash advance. Plaintiff failed to present any evidence of damage related to the alleged interruption of use of that particular credit card.
 {¶ 19} Besides her affidavit, plaintiff points to no other evidence beyond the mere allegations of the pleading to surmount the motion for summary judgment. Accordingly, plaintiff's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES D. SWEENEY, P.J., and MICHAEL J. CORRIGAN, J., CONCUR.
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. 112, Section 2(A)(1).
[1] This is a more stringent standard of review than the deferential abuse of discretion standard mistakenly referenced by plaintiff.