OPINION *Page 2 
{¶ 1} Defendants Thomas A. Lawson and Subject Property Parcel No. 31734414033000 appeal a summary judgment of the Court of Common Pleas of Delaware, Ohio, which declared the Auditor's deed showing Lawson's ownership of the subject parcel was null and void, and finding plaintiff the City of Westerville is the lawful fee title owner of the property. Appellant Lawson assigns two errors to the trial court:
 {¶ 2} "I. THE ENTRY GRANTING THE MOTION FOR SUMMARY JUDGMENT DID NOT MEET THE REQUIREMENTS NECESSARY THEREFOR, INASMUCH AS THERE WERE GENUINE ISSUES AS TO MATERIAL FACTS.
 {¶ 3} "THE TRIAL COURT ERRED IN ATTEMPTING TO SET ASIDE THE DEED TO APPELLANT."
 {¶ 4} Appellants' statement made pursuant to Loc. App. R. 9 asserts the summary judgment was inappropriate both as a matter of law on the undisputed facts, and also that a genuine dispute exists as to material facts.
 {¶ 5} Civ. R. 56 states in pertinent part:
 {¶ 6} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party *Page 3 
against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages."
 {¶ 7} A trial court should not enter a summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from the undisputed facts,Houndshell v. American States Insurance Company (1981),67 Ohio St. 2d 427. The court may not resolve ambiguities in the evidence presented,Inland Refuse Transfer Company v. Browning-Ferris Industries of Ohio,Inc. (1984), 15 Ohio St. 3d 321. A fact is material if it affects the outcome of the case under the applicable substantive law, Russell v.Interim Personnel, Inc. (1999), 135 Ohio App. 3d 301.
 {¶ 8} When reviewing a trial court's decision to grant summary judgment, an appellate court applies the same standard used by the trial court, Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St. 3d 35. This means we review the matter de novo, Doe v. Shaffer, 90 Ohio St.3d 388,2000-Ohio-186.
 {¶ 9} The party moving for summary judgment bears the initial burden of informing the trial court of the basis of the motion and identifying the portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the non-moving party's claim,Drescher v. Burt (1996), 75 Ohio St. 3d 280. Once the moving party meets its initial burden, the burden shifts to the non-moving party to set forth specific facts demonstrating a genuine issue of material fact does exist, Id. The non-moving party may not rest upon the allegations and denials in the pleadings, but *Page 4 
instead must submit some evidentiary material showing a genuine dispute over material facts, Henkle v. Henkle (1991), 75 Ohio App. 3d 732.
 {¶ 10} The trial court's judgment entry of February 7, 2008, adopted the City's statement of undisputed facts and the parties' stipulation of facts, filed with the court on December 20, 2007. The stipulated facts are: Cook Development, Inc. recorded a plat containing 22.064 acres of land in the City of Westerville, Delaware, Ohio. The plat was approved by the City's Secretary of Planning Commission, the City Manager, and the necessary county authorities on April 29, 1988, and subsequently was recorded in the records of the Delaware County Recorder. The plat designates a bicycle path on a portion of the property. The subject property is also encumbered with an easement for high voltage electrical power lines and an easement granted to Columbia Gas, which create a no-built zone across the subject property and through a broader easement adjacent to it.
 {¶ 11} The City constructed a bike path system, including a bike path on the subject property. On April 17, 1995, the Court of Common Pleas of Delaware County entered a judgment ordering the property forfeit to the Delaware County Auditor for nonpayment of taxes. The judgment entry stated the last known owner was Cook Development, Inc. The Auditor sold the property to appellant Lawson for $105.00, and issued a deed recorded in the Delaware County Recorder's office.
 {¶ 12} The City's statement of undisputed facts asserts the City has maintained the subject properties since the 1990's, and constructed a bike path with appropriated funds and a federal grant. The City completed the bike path construction in 2003, and *Page 5 
the public has used the path as an integral part of the City's bike path system of more than 22 miles.
 {¶ 13} The City brought this action requesting the court issue a declaratory judgment regarding its interest in the property, and also requesting injunctive relief.
 I. {¶ 14} In the first assignment of error, appellants argue the trial court erred in entering summary judgment because there were genuine issues of material fact. Appellant asserts the answer to the complaint denied all the City's allegations and asserted the subject property was properly forfeited under the applicable laws of the State of Ohio. The answer also asserted the subject property was never dedicated as a bike path.
 {¶ 15} In support of its motion for summary judgment, the City submitted the affidavit of Michael Hooper, who was for a time Parks Development Administrator. The City attached the parties' stipulation of facts, and copies of the plat in question. The City submitted numerous other exhibits, including photographs of the bike path, a copy of Lawson's Auditor's deed, and a map of the Westerville Parks and Recreation System.
 {¶ 16} Lawson did not file a response to the motion for summary judgment, but rather relied on his answer.
 {¶ 17} Civ. R. 56 (E) provides where a motion for summary judgment has been made and supported with evidentiary material, the adverse party may not rest on the allegations or denials in its pleadings, but must respond with evidentiary quality materials showing there are genuine issues for trial. The Rule provides if the opposing *Page 6 
party does not respond, summary judgment, if appropriate, shall be entered in favor of the movant.
 {¶ 18} Lawson directs our attention to Bernardo v. Anello (1988),61 Ohio App. 3d 453, wherein the Court of Appeals for Cuyahoga County held although the non-moving party failed to oppose the motion for summary judgment with evidentiary materials, nevertheless, the lack of response by the opposing party cannot, in and of itself, mandate the granting of a summary judgment, Bernardo at 457, citing Morris v. Ohio CasualtyInsurance Company (1988), 35 Ohio St. 3d 45, 47. The moving party carries the burden to establish the non-existence of any material fact issues, and even if the motion is unopposed, must demonstrate reasonable minds could not differ, Id.
 {¶ 19} We agree that a court should never enter summary judgment if the motion for summary judgment does not demonstrate the moving party is entitled to judgment as a matter of law. Bernardo is not applicable here.
 {¶ 20} We find the trial court did not err in granting summary judgment in finding the City was entitled to judgment as a matter of law based upon the undisputed facts before us. See infra, II.
 {¶ 21} The first assignment of error is overruled.
 II. {¶ 22} In his second assignment of error, appellant challenges the court's declaration the Auditor's deed was void.
 {¶ 23} Appellant relies on R.C. 5723.12, which provides if a tract of land is duly forfeited to the State and sold as provided by law, the conveyance of the real estate by the Auditor extinguishes all previous title and vests the purchaser with a new and *Page 7 
perfect title free from all liens and encumbrances, except for certain exceptions inapplicable to the case at bar.
 {¶ 24} The City responds that R.C. 711.07 provides the recording of a plat is a sufficient conveyance to vest in the municipal corporation the fee of the parcel of land designated or intended for streets, alleys, ways, commons or other public uses. The City argues the plat was properly recorded. The City concedes the plat certification language does not include references to the dedication of the bike path or bicycle path, but asserts it is evident the developer intended to dedicate the property to public use as a bike path, and in fact, the City did establish a bike path on the property prior to the tax sale.
 {¶ 25} The City sets out the elements of common-law dedication: (1) the existence of an intention on the part of the owner to make such a dedication; (2) an actual offer on the part of the owner, evidenced by some unequivocal act to make a dedication; and (3) the acceptance of the offer by or on behalf of the public, see, e.g., Bolen v. City ofParma, Cuyahoga App. No. 81183, 2003-Ohio-294 at paragraph 20 and 21, citations deleted.
 {¶ 26} We agree with the trial court the subject property was dedicated to the City of Westerville for public use. R.C. 5723.14
provides the sale of any tract or lot of land on which the taxes and assessments have been regularly paid previous to a tax sale is void. The purported purchaser will have his purchase price refunded from the county treasury after producing the certificate of sale to the county auditor. Because the City was not required to pay taxes on the subject property, and was not given notice of the tax sale, the tax sale and the auditor's deed are null and void. *Page 8 
 {¶ 27} We find the trial court did not err in setting aside the auditor's deed. The second assignment of error is overruled.
 {¶ 28} For the foregoing reasons, the judgment of the Court of Common Pleas of Delaware County, Ohio, is affirmed.
 Gwin, P.J., Hoffman, J., and Wise, J., concur. *Page 9 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Delaware County, Ohio, is affirmed. Costs to appellant. *Page 1