FELKER et al., Appellants,

v.

SCHWENKE, Appellee.

[Cite as *Felker v. Schwenke* (1998), 129 Ohio App.3d 427.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 73180.

Decided Aug. 17, 1998.

*Michael A. Shore Co., L.P.A.,* and *Daniel S. White,* for appellants.

*Susan M. Stephanoff,* for appellee.

Dyke, Judge.

Appellants, Gary E. Felker and Mary E. Felder, appeal the trial court's order granting summary judgment in favor of appellee, Shirley A. Schwenke. For the following reasons, we affirm.

On March 9, 1995, appellants entered into a purchase agreement whereby they purchased from appellee a home located at 272 Buckeye Drive, Berea, Ohio. The purchase agreement stated that appellants had examined the property and were purchasing the property "as is." Appellants waived a professional inspection.

Appellee filled out a residential property disclosure form, answering "yes" to the question, "Do you know of any current water leakage, water accumulation, excess dampness or other defects with the basement/crawl space?" Appellee wrote on the form, "during heavy rains, some moisture." Appellee indicated that Thompson's Water Seal had been applied two years ago, but no other actions were taken in the past five years to control the moisture problem.

Appellants' affidavits stated as follows: Appellants inspected the basement before purchasing the house and noticed that the basement had been freshly painted. Appellants questioned appellee about the basement, and appellee repeated the representations made in her residential property disclosure form. There were no apparent defects in the basement.

Appellants' affidavit further stated that immediately after moving in, they experienced severe water problems in the basement. The water problems occurred constantly, not just during extremely heavy rains. Appellants averred that they were sent a letter by Bill Murphy of U.S.A. Waterproofing, informing appellants of various facts concerning the basement. The letter was attached to appellants' response brief, but was not authenticated by an affidavit of Bill Murphy or authenticated in any other manner.

A letter written by appellants to appellee is attached to appellee's motion for summary judgment. This letter was not authenticated by affidavit or otherwise.

Appellee's affidavit stated that she did not make any misrepresentations or conceal anything. Appellee stated in her interrogatories that she painted the basement in January or February 1995, for routine maintenance and to make the house look nice for sale.

Appellants' complaint stated that appellee intentionally concealed the defects in the basement, defrauding appellants and breaching the real estate contract.

Appellants' sole assignment of error states:

"The trial court committed reversible error when it granted the defendant–appellee's motion for summary judgment."

Summary judgment is appropriate upon the demonstration that (1) there is no genuine issue as to any material fact;  (2) the moving party is entitled to judgment as a matter of law;  and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor.  See Civ.R. 56(C); *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 74, 375 N.E.2d 46, 47.  Summary judgment is proper after adequate time for discovery and upon motion against a party who fails to establish the existence of an element essential to that party's case and on which the party will bear the burden of proof at trial.  *Celotex Corp. v. Catrett* (1986), 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265.  The moving party bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact.  *Id.*

Appellee's motion for summary judgment asserted that the doctrine of *caveat emptor* prevented appellants from recovering.

"The doctrine of *caveat emptor* precludes a purchaser from recovering for a structural defect in real estate where:  (1) the condition complained of is open to observation or discoverable upon reasonable inspection, (2) the purchaser had the unimpeded opportunity to examine the premises, and (3) there is no fraud on the part of the vendor." *Layman v. Binns* (1988), 35 Ohio St.3d 176, 519 N.E.2d 642, syllabus.

Appellants assert that the defects in the basement were not discoverable because they were hidden by the fresh paint.  Appellee asserts that appellants were put on notice of problems in the basement because she told appellants that there was moisture in the basement during extremely heavy rains.  According to appellee, appellants failed in their duty to inquire further or obtain an expert inspection.  See *Tipton v. Nuzum* (1992), 84 Ohio App.3d 33, 616 N.E.2d 265; *Buchanan v. Geneva Chervenic Realty* (1996), 115 Ohio App.3d 250, 685 N.E.2d 265.  There is no evidence that an expert could have discovered the problem at the time of the purchase.  We need not decide the issue of whether the defects were patent or latent, however.

Regardless of whether the defects were patent or latent, the "as is" clause in the purchase agreement absolved the seller from liability for fraudulent nondisclosure.  See *Kaye v. Buehrle* (1983), 8 Ohio App.3d 381, 8 OBR 495, 457 N.E.2d 373;  but, see, *Mancini v. Gorick* (1987), 41 Ohio App.3d 373, 536 N.E.2d 8 (certain fact situations may exist where a duty to disclose arises, despite the "as is" clause).  The "as is" clause does not prevent liability when the seller makes a fraudulent representation or concealment, however.  *Kaye, supra; Dennison v.*

*Koba* (1993), 86 Ohio App.3d 605, 621 N.E.2d 734; *Black v. Cosentino* (1996), 117 Ohio App.3d 40, 689 N.E.2d 1001.

■ The elements of a fraudulent representation or concealment are (1) a representation or concealment of fact, (2) which is material to the transaction, (3) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (4) with the intent of misleading another into relying upon it, (5) justifiable reliance upon the representation or concealment, and (6) injury proximately caused by the reliance. *Id.* at 44, 689 N.E.2d at 1003–1004.

■■ In this case, appellee represented to appellants that the extent of the water problem was moisture during heavy rains. There was no proper evidence from which reasonable minds could conclude that appellee knew that this statement was false. The letter written by U.S.A. Waterproofing and the letter written by appellants were not properly presented by affidavit or otherwise, as required by Civ.R. 56(C). See *Logsdon v. Ohio N. Univ.* (1990), 68 Ohio App.3d 190, 194, 587 N.E.2d 942, 945; *Spier v. Am. Univ.* (1981), 3 Ohio App.3d 28, 3 OBR 29, 443 N.E.2d 1021.

■ Although the letter by U.S.A. Waterproofing was referenced in the affidavit of appellants, the content of the letter was hearsay. See Evid.R. 801; *Bernardo v. Anello* (1988), 61 Ohio App.3d 453, 573 N.E.2d 126. A motion for summary judgment cannot be supported by an affidavit that consists of hearsay or other inadmissible evidence. *Id.; Tokles & Son, Inc. v. Midwestern Indem. Co.* (1992), 65 Ohio St.3d 621, 605 N.E.2d 936. Neither party objected to the letter written by U.S.A. Waterproofing or the letter written by appellants. Where the opposing party fails to object to the admissibility of evidence under Civ. R. 56, the court may, but need not, consider such evidence in determining whether summary judgment is appropriate. *Bowmer v. Dettelbach* (1996), 109 Ohio App.3d 680, 672 N.E.2d 1081. The trial court did not err in refusing to consider the letters, which were not proper evidence. As there was no evidence to establish the essential elements of fraud, appellee was entitled to summary judgment.

Accordingly, appellants' assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

PATRICIA ANN BLACKMON, A.J., and O'DONNELL, J., concur.