JOURNAL ENTRY and OPINION
This case is before the court on appeal from an order of the common pleas court granting summary judgment in favor of all defendants in this action for breach of warranty, breach of contract and fraud. In his single assignment of error, plaintiff-appellant contends that the trial court erred by granting summary judgment in favor of the defendant seller because there were genuine issues of fact for trial on appellant's fraud claim. Appellant does not challenge the adverse judgment on his claims against the defendant realtor, Realty One, nor does he contest the judgment in favor of the seller on his breach of contract and breach of warranty claims.
For the following reasons, we find no evidence in the record to support appellant's claim that the seller misrepresented any material fact to him and therefore affirm the order granting summary judgment in the seller's favor.
 FACTS AND PROCEEDINGS BELOW
The complaint in this case was filed on August 18, 1997. It alleged that appellant purchased a home from appellee in April 1997. Four days after he took possession, during the first rainfall, raw sewage water accumulated in the basement, necessitating repairs. Appellant claimed appellee failed to disclose latent defects and misrepresented the condition of the property and that he reasonably relied upon the misrepresentations because he could not readily observe the defect upon reasonable inspection. He sought compensatory damages of $15,000 plus punitive damages, attorney's fees and costs.
Following discovery, each defendant moved for summary judgment. As relevant to this appeal, the undisputed evidence showed that appellee and her husband purchased the property on June 29, 1951. The basement was painted for the first time in August 1996. Also in August 1996, appellee's husband suffered a stroke and was hospitalized until his death on October 11, 1996. Appellee moved out of the residence on December 5, 1996.
Because of injuries to her hip and wrists, appellee had not entered the basement for some period of time; her husband and housekeeper did the laundry and other basement activities. Her husband performed all maintenance on the house. She was not aware of any problems.
Appellee prepared and signed a Residential Property Disclosure Form on April 19, 1997 in connection with her sale of the house. Item C states, "If owner knows of any current leaks, backups or other material problems with the sewer system servicing the property, please describe." Appellee left this space blank, as well as the space asking her to describe "other known material defects currently in or on the property." Item D on the form states, "Do you know of any current water leakage, water accumulation, excess dampness or other defects in the basement/crawl space?" Appellee checked the box marked, "No." Appellee also responded negatively to the question, "Do you know of any current flooding, drainage, settling or grading problems affecting the property?"
On April 29, 1998, appellant agreed to purchase the property. The parties' signed agreement provided, in pertinent part:
 10. INSPECTION This Agreement shall be subject to the following inspection(s) by a qualified inspector within the specified number of days after acceptance of this offer: * * *
 After each inspection requested above, PURCHASER shall have three (3) days to elect one of the following 1) Remove the inspection contingency and accept the property in its "AS IS" PRESENT PHYSICAL CONDITION; or 2) Accept the property subject to SELLER agreeing to have specific items, that were either previously disclosed in writing by the SELLER or identified in a written inspection report repaired by a qualified contractor in a professional manner at SELLER's expense; or 3) Terminate this contract if written inspection report(s) identify material latent defects NOT previously disclosed in writing by the SELLER or any cooperating real estate broker.
Appellant had the property inspected. The inspector's report indicated that the basement walls "need repair," commenting that the "basement walls tested damp in places along bottom possibly due to grading." Appellant accepted the property.
When he purchased the property, appellant was aware that the house had not been occupied for approximately six months. He observed that the basement had been painted recently, asked the real estate agent whether the basement was wet, and was told no. In deposition testimony, appellant said he believed appellee actually knew there was a problem with the sanitary sewer because "I had three people out to look at these sewers, and they all told me that the problem that we were having, roots growing in there, water being redirected somehow, doesn't happen overnight."
On September 22, 1998, the trial court entered judgment for appellee and the other defendants, finding that:
 * * * There is no genuine issue of material fact. [Plaintiff] has failed to produce evidence to establish the essential elements of the claims of breach of contract, misrepresentation, and fraud. Evidence of a freshly-painted basement, without more, is insufficient to establish fraud as to [defendant] Williamson.
 LAW AND ANALYSIS
This court must review de novo the trial court's order granting summary judgment.
To prove his fraud claim, appellant must demonstrate that appellee (a) made a material false representation or concealed a material fact, (b) knowingly, (c) with the intent of misleading another, (d) appellant actually and reasonably relied upon the representation or concealment, and (e) resulting injury. See,e.g., Gaines v. Preterm-Cleveland, Inc. (1987), 33 Ohio St.3d 54,55.
"[T]he `as is' clause in the purchase agreement absolved the seller from liability for fraudulent nondisclosure," Felker v.Schwenke (1998), 129 Ohio App.3d 427, 430, but it did not affect the seller's liability for a positive misrepresentation or concealment. Id.; Kaye v. Buehrle (1983), 8 Ohio App.3d 381, 383;Eiland v. Coldwell Banker Hunter Realty (1997),122 Ohio App.3d 446.
Appellant contends there are genuine issues of material fact for trial on his fraud claim against appellee. First, he claims appellee failed to disclose the limited scope of her actual knowledge about the condition of the premises. This claim does not involve any positive misrepresentation or concealment. More importantly, in deposition testimony, appellant said he knew the property had not been occupied for approximately six months. Consequently, he could not have been misled by appellee's failure to disclose the fact that she had not lived on the property for several months or by her failure to indicate that the "current" condition of the premises was "unknown" to her.
Appellant also claims that the fact that the basement was painted created genuine issues of material fact about the reason it was painted and what the painting concealed. The basement was painted before appellee's husband became ill and died and before she decided to sell the property. A considerable period of time — eight months — elapsed between the time the basement was painted and when the house was sold. There is no evidence the painting was intended to deceive prospective purchasers or to conceal a latent defect nor was there any evidence that there had ever been sewage back-up prior to the purchase.
On the evidence presented, no reasonable jury could conclude that appellee made any material misrepresentations or concealments upon which appellant relied. Therefore, the trial court properly granted summary judgment for appellee. The trial court's judgment is affirmed.
It is ordered that appellee recover of appellant her costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES M. PORTER, A.J. and ANN DYKE, J., CONCUR.
 ______________________________ JUDGE KENNETH A. ROCCO