JOURNAL ENTRY AND OPINION
Plaintiff Alojz Kurincic appeals from the order of the trial court that granted summary judgment to defendant Stein, Inc. on plaintiff's claim for conversion. For the reasons set forth below, we affirm.
On May 5, 1999, following his termination from employment as a heavy equipment mechanic, plaintiff filed this action against defendant in the Court of Common Pleas for Cuyahoga County. Plaintiff asserted various employment-related claims[1] and a claim for conversion in which he asserted that defendant removed tools, equipment and $2,000 in cash from his work locker.
On May 28, 1999, defendant removed the action to federal court. The federal district court subsequently granted summary judgment to defendant on the employment-related claims and remanded the conversion claim to the Cuyahoga County Court of Common Pleas for final disposition. Thereafter, on September 11, 2000, defendant moved for summary judgment on the conversion claim and asserted that plaintiff was wholly unable to establish his allegations. In support of this motion, defendant demonstrated that plaintiff had no idea who had taken his property, that plaintiff failed to retrieve his belongings weeks after he was terminated, and that his locker was finally opened during a videotaped proceeding in which defendant's general counsel, manager of maintenance, general foreman, and two union representatives were present. Defendant demonstrated that no cash was found in the locker and that pumps belonging to plaintiff were later returned to him.
In opposition, plaintiff averred, in relevant part, as follows:
 Affiant states that when he was fired it was requested that he take his tools with him; that his representative, Mr. Zapp said to leave the tool box until the grievance had been resolved; that he was not present when the tool box and locker were opened nor did he grant anyone permission to enter into the tool box and locker that he maintained; that the property was taken without his permission along with the cash that was in there; that he had hydraulic pumps which were his personal property and those were also taken and removed; that one pump costs Twenty-Four Hundred Dollars ($2,400.00) and that he had three of the pumps there; that Mr. James Conlon, the general counsel of Stein, Inc. said that employees and agents of Stein, Inc. took the pumps.
The trial court granted defendant's motion for summary judgment and plaintiff now appeals, assigning a single error for our review.
Plaintiff's assignment of error states:
 PLAINTIFF WAS DENIED DUE PROCESS OF LAW WHEN THE COURT GRANTED DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AS GENUINE ISSUES OF FACT REMAINED.
With regard to procedure, we note that in order to prevail on a summary judgment motion, the moving party bears the initial burden of demonstrating that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. Celotex Corp. v. Catrett (1986), 477 U.S. 317, 323; Zivich v. Mentor Soccer Club (1998),82 Ohio St.3d 367, 369-370. When faced with a proper motion, a party opposing summary judgment must come forward with sufficient evidence on issues on which he will bear the burden of proof at trial. Felker v. Schwenke (1998), 129 Ohio App.3d 427, 430. Thus, where the non-moving party would have the burden of proving all of a number of elements in order to prevail at trial, the moving party in the summary judgment motion may point to evidence that the non-moving party cannot possibly prevail on an essential element of the claim. See e.g., Stivison v. Goodyear Tire Rubber Co. (1997), 80 Ohio St.3d 498, 499. If the moving party meets this burden of proof, the burden then shifts to the non-moving party to show that there is a genuine issue of material fact as to that element. Celotex, supra.
With regard to the substantive law, we note that conversion is recognized as any exercise of dominion or control wrongfully exerted over the personal property of another in denial of or under a claim inconsistent with his rights. Tabar v. Charlie's Towing Serv., Inc. (1994), 97 Ohio App.3d 423, 427-428; Ohio Tel. Equip. Sales, Inc. v. Hadler Realty Co. (1985), 24 Ohio App.3d 91.
Applying the foregoing to this matter, we note, with regard to the pumps, that the undisputed evidence, provided by defendant, demonstrated that plaintiff failed to retrieve his belongings from work, and that defendant did later remove the pumps from plaintiff's work locker, but ultimately returned them to plaintiff. Defendant therefore demonstrated that there were no genuine issues of material fact and that it did not exercise wrongful dominion or control over the personal property of plaintiff in a manner inconsistent with plaintiff's rights. In opposition, plaintiff failed to demonstrate that there were any genuine issues of material fact.
With regard to plaintiff's claim of conversion for money left in his work locker, defendant demonstrated that there were no genuine issues of material fact and that there was no money in the locker. Defendant also demonstrated that plaintiff had no idea who had taken the money. In opposition, plaintiff averred only that he had the money in his locker and that it was subsequently taken. From the foregoing, defendant demonstrated that plaintiff, the party charged with the burden of proof, could not possibly prevail on his claim for conversion because he was wholly unable to attribute the theft to defendant, as a matter of law. In response, plaintiff was unable to present any genuine issue of material fact as to whether defendant wrongfully exercised dominion and control over the cash. The record is simply devoid of evidence that defendant was responsible for conversion. The trial court therefore properly awarded summary judgment to defendant on this aspect of the claim for conversion.
The assigned error is without merit and the judgment of the trial court is hereby affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANNE L. KILBANE, P.J., AND FRANK D. CELEBREZZE, JR., J., CONCUR.
[1] Plaintiff asserted claims under the Age Discrimination and Employment Act (ADEA) 29 U.S.C. § 620, R.C. Chapter 4112, a claim for promissory estoppel, and a claim of termination in contravention of public policy.