JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant Robert Simpson ("appellant") appeals from the judgment of the trial court which granted summary judgment in favor of defendant-appellee Permanent General Insurance Company ("appellee") on the appellant's claim of bad faith. For the reasons set forth below, we reverse the judgment of the trial court and remand for further proceedings.
 {¶ 2} On May 7, 2001, the appellant filed a complaint seeking compensation from the appellee pursuant to the uninsured/ underinsured (UM/UIM) provision of the appellant's insurance policy for damages allegedly sustained as a result of an accident on April 3, 2000 caused by Ephram Laidley ("tortfeasor"). The complaint also sought punitive damages for the appellee's alleged failure to pay the claim and negotiate in good faith and other actions amounting to bad faith. On May 24, 2001, the appellee filed its answer, counterclaim and third-party complaint against the alleged tortfeasor. Appellee filed a motion for summary judgment which the trial court granted on March 27, 2002. All other claims that were pending were settled and dismissed with prejudice on April 18, 2002. It is from the grant of summary judgment on the bad faith claim that the appellant now appeals, asserting one assignment of error for our review.
 {¶ 3} "I. The trial court erred in granting appellee's motion for summary judgment, as there are genuine issues of material fact in support of appellant's claim of bad faith against appellee."
 {¶ 4} With regard to procedure, we note that this court reviews the lower court's grant of summary judgment de novo in accordance with standards set forth in Rule 56(C) of the Ohio Rules of Civil Procedure.North Coast v. Hanneman (1994), 98 Ohio App.3d 434, 440. In order for summary judgment to be properly rendered, it must be determined that:
 {¶ 5} "(1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from such evidence that reasonable minds can come to but one conclusion and, reviewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to the party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327. See, also, State ex rel. Zimmerman v. Tompkins
(1996), 75 Ohio St.3d 447, 448. The moving party bears the initial burden of demonstrating that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. Celotex Corp. v.Catrett (1986), 477 U.S. 317, 323; Zivich v. Mentor Soccer Club (1988),82 Ohio St.3d 367, 369-370. When faced with a proper motion, a party opposing summary judgment must come forward with sufficient evidence on issues on which he will bear the burden of proof at trial. Felker v.Schwenke (1998), 129 Ohio App.3d 427, 430. Thus, where the non-moving party would have the burden of proving a number of elements in order to prevail at trial, the moving party in the summary judgment motion may point to evidence that the non-moving party cannot possibly prevail on an essential element of the claim. See e.g. Stivison v. Goodyear Tire Rubber Co. (1997), 80 Ohio St.3d 498, 499. If the moving party meets this burden of proof, the burden then shifts to the non-moving party to show that there is a genuine issue of material fact as to that element.Celotex, supra. Specifically, the non-moving party must produce evidence pursuant to Civ. R. 56 setting forth specific facts which show that there is a genuine triable issue. State ex rel. Zimmerman v. Tompkins, supra at 449.
 {¶ 6} With regard to appellant's substantive claim, we note that an insurer has a duty to act in good faith in the processing of the claims of its insured. LeForge v. Nationwide Mut. Ins. Co. (1992),82 Ohio App.3d 692, 697. "An insurer fails to exercise good faith in the processing of a claim of its insured where its refusal to pay the claim is not predicated upon circumstances that furnish reasonable justification therefor." Zoppo v. Homestead Ins. Co. (1994) 71 Ohio St.3d 552.
 {¶ 7} In its motion for summary judgment, the appellee claimed that the appellant's claim of bad faith was based on the validity of his UM/UIM claim against them. The appellee alleged that if the tortfeasor was insured at the time of the accident, the appellant was not entitled to coverage under the provisions of the appellant's UM/UIM policy, and therefore, a denial of his claim was not improper or in bad faith.
 {¶ 8} It was then incumbent upon the appellant to produce evidence setting forth specific facts which show that there is a genuine triable issue. The appellant submitted, in its motion in opposition to the motion for summary judgment, the deposition testimony of Joanne Polgar, a claim representative for the appellee. Ms. Polgar testified that she was notified of the accident on April 4, 2000, investigated the appellant's claim, and determined the tortfeasor to be liable for the accident. With regard to whether the appellee knew the tortfeasor was uninsured, the appellant submitted the following deposition testimony of Ms. Polgar:
 {¶ 9} "Q. Okay. And that upon submission of his claim, his uninsured motorist claim, that Permanent General was bound to honor his claim; isn't that correct?
 {¶ 10} "A. If the other party was uninsured.
 {¶ 11} "Q. Okay. And you requested from me evidence that [the tortfeasor] was uninsured, did you not?
 {¶ 12} "A. Yes.
 {¶ 13} "Q. And that evidence was received, was it not?
 {¶ 14} "A. I believe so. Yes." (T. 36).
 {¶ 15} In this case, whether the appellee knew that the tortfeasor was uninsured when it denied the appellant's claim is dispositive of whether it acted in bad faith. The appellant set forth specific facts alleging that the appellee knew the tortfeasor was uninsured, yet denied coverage nonetheless. Despite the fact that the appellee determined over a year later that the tortfeasor was, in fact, insured, does not vitiate the appellant's bad faith claim against the appellee. We therefore find that the appellant satisfied his burden of submitting specific facts which demonstrate that a genuine issue of material fact exists. This assignment of error is well taken.
Judgment reversed.
 JAMES J. SWEENEY, J., concurs; DIANE KARPINSKI, J., concurs; (Seeattached concurring opinion).