JOURNAL ENTRY and OPINION
{¶ 1} Plaintiff-appellant, Timothy Smith ("Smith"), appeals the trial court's decision granting summary judgment in favor of defendant-appellee, the Board of Cuyahoga County Commissioners (the "county"). Finding no merit to the appeal, we affirm.
 {¶ 2} In 1998, Smith began his employment with Cuyahoga County as a delivery worker in the mail room. At the time he was hired, Smith was 54 years old. In 2000, he applied and interviewed for the position of building maintenance supervisor for the county Justice Center but was not selected for the job.
 {¶ 3} Smith then requested a second-shift position and was transferred to the position of custodial worker. In January 2001, he was injured on the job and never returned to work.
 {¶ 4} In March 2001, Smith applied and interviewed for the position of mail room supervisor. However, two other employees were selected.
 {¶ 5} Due to his injury, Smith was granted leave under the Family Medical Leave Act from April to July 2001. His leave was extended through October 2001.
 {¶ 6} In November 2001, Smith's physician notified the county that Smith was "currently still unable to fulfill the physical requirements of a custodial worker in the lifting of fifty pounds as outlined" by his position's description. In another letter to the county, his physician stated that Smith could perform the duties of a mail clerk messenger.
 {¶ 7} The county notified Smith in November 2001, that his disability separation had been approved. Under the county's disability separation policy, Smith could return to work within two-and-a-half years if he applied for reinstatement and passed a medical exam demonstrating he was able to perform his custodial duties. The policy also stated that, if Smith was unable to return to work within the stated time, he would have to resign, seek disability retirement, or be separated from his employment with the county.
 {¶ 8} At some point during his employment in the mail room, Smith had complained that fellow employees were abusing the overtime system. He advised two county commissioners that employees were "double dipping, abusing [the] phone reporting system, and other abuses, to no avail." In February 2002, Smith wrote a memo to the director of the county's Central Service Department outlining the details of the abuse. That same month, Smith filed a formal complaint with the Equal Employment Opportunity Commission ("EEOC") alleging age discrimination. The EEOC found no evidence of discrimination and dismissed his complaint.
 {¶ 9} In April 2002, Smith applied for retirement disability benefits. He also applied for another opening as a mail room supervisor, but the county did not interview him for the position.
 {¶ 10} Smith originally filed suit in federal court, alleging retaliation and violations of state and federal laws involving discrimination based on age or disability. Timothy C. Smith v.Cuyahoga County Commissioners, et al. (6th Cir., 2003), Case No. 1:02 CV 1726. The county filed a motion for summary judgment, which the U.S. District Court granted in part, finding that Smith's injuries did not meet the definition of a "disability" under state or federal law. Smith dismissed the remainder of his claims.
 {¶ 11} Smith subsequently filed a complaint in state court. The county moved to strike any reference to disability discrimination, arguing that the federal court had already ruled on that portion of Smith's claims. The trial court granted the county's motion. The county then filed a motion for summary judgment, which the trial court granted. Smith filed a motion for relief from judgment, which was denied.
 {¶ 12} Smith appeals, raising six assignments of error.
 Res Judicata {¶ 13} In his first assignment of error, Smith argues that the trial court erred in striking certain allegations contained within the complaint.
 {¶ 14} Our standard of review for a motion to strike is an abuse of discretion by the trial court. Abernethy v. Abernethy,
Cuyahoga App. No. 81675, 2003-Ohio-1528. An abuse of discretion is more than an error of law or judgment; it implies that the trial court acted unreasonably, arbitrarily, or unconscionably.Marriott Corp. v. Lerew, Cuyahoga App. 85551, 2005-Ohio-5336, citing, Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140. It is well settled in Ohio that an error of law or judgment does not constitute an abuse of discretion.Blakemore, supra at 219.
 {¶ 15} The county filed a motion to strike certain parts of Smith's complaint, arguing that the allegations and statements were barred by res judicata. The trial court granted the motion striking paragraphs 1, 3, 4, 5, and 11 of the complaint.[1]
The trial court also struck portions of paragraphs 7, 10, and 12 of the complaint "regarding any reference made to failure to accommodate plaintiff's injuries, failure to promote because of plaintiff's injuries, and any reference to any form of disability discrimination."[2]
 {¶ 16} Under the doctrine of res judicata, a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim or issue arising out of the same transaction or occurrence that was the subject matter of a previous action.Grava v. Parkman Twp., 73 Ohio St.3d 379, 381, 1995-Ohio-331,653 N.E.2d 226. A "transaction" is a "common nucleus of operative facts." Id. quoting 1 Restatement of the Law 2d, Judgments (1982), Section 24, Comment b.
 {¶ 17} Further, it does not matter that the court which previously decided the claim is of a different jurisdiction than the court currently deciding the claim. We have said that, to the extent to which a federal court judgment operates as res judicata in the federal court, it also operates as res judicata in Ohio state courts. Powell v. Doyle (Oct. 8, 1998), Cuyahoga App. No. 72900, citing Horne v. Woolever (1959), 170 Ohio St. 178,163 N.E.2d 378. Further, the Ohio Supreme Court has held that a claim litigated to finality in the United States District Court cannot be relitigated in a state court when the state claim involves the identical subject matter previously litigated in federal court, and there is presently no issue of party identity or privity.Rogers v. City of Whitehall (1986), 25 Ohio St.3d 67,494 N.E.2d 1387. Therefore, if Smith's claims were already decided in federal court, he is barred from raising the same claims in state court.
 {¶ 18} In order for a claim to be barred on the grounds of res judicata, the new claim must share three elements with the earlier action: (1) identity of the parties or their privies; (2) identity of the causes of action; and (3) a final judgment on the merits. Omlin v. Kaufmann Cumberland Co., L.P.A., Cuyahoga App. No. 82248, 2003-Ohio-4069, citing, Horne, supra.
 {¶ 19} In determining that res judicata bars some of the allegations in Smith's complaint, we find the parties in the federal action and the instant state action are identical.
 {¶ 20} The second element of res judicata, the identity of the causes of action, has also been established. The complaint filed in federal court made claims pursuant to federal laws and also alleged violations of Ohio statutes. The district court held that Smith was not disabled within the meaning of the Americans with Disabilities Act ("ADA"); therefore, it did not need to determine whether Smith was denied promotions based on his alleged disability. The court also found that the Ohio statute was modeled after the ADA, and Ohio courts look to the ADA and its interpretation by federal courts for guidance in interpreting the Ohio statute. Smith, supra, citing, Gayer v. ContinentalAirlines, Inc. (6th Cir. 2001), 21 Fed.Appx. 347. The court determined that since Smith could not demonstrate he was disabled under the ADA, he also was not disabled under Ohio law.
 {¶ 21} We find dispositive the fact that the state court complaint alleged discrimination and retaliation based on Smith's disability. Both the state and federal claims involve allegations of discrimination, failure to promote, and failure to accommodate based on Smith's alleged disability. We find that Smith's state court claims alleging discrimination or retaliation based on his disability are essentially the same claims filed in federal court.
 {¶ 22} Finally, the federal court granted partial summary judgment; therefore, there was a final judgment on the merits in the federal case. Thus, we agree with the trial court that certain allegations are barred by res judicata.
 {¶ 23} The district court has already determined that Smith is not disabled under Ohio law. Therefore, the trial court did not abuse its discretion in striking the allegations contained in the complaint that allege discrimination, failure to accommodate, or failure to promote due to Smith's work-related injuries.
 {¶ 24} The first assignment of error is overruled.
 Summary Judgment {¶ 25} In assignments of error two through five, Smith argues that the trial court erred in granting summary judgment in favor of the county.
 {¶ 26} Appellate review of summary judgment is de novo.Grafton v. Ohio Edison Co., 77 Ohio St.3d 102, 105,1996-Ohio-336, 671 N.E.2d 241; Zemcik v. La Pine Truck Sales Equipment (1998), 124 Ohio App.3d 581, 585, 706 N.E.2d 860. The Ohio Supreme Court set forth the appropriate test in Zivich v.Mentor Soccer Club, 82 Ohio St.3d 367, 369-370, 1998-Ohio-389,696 N.E.2d 201, as follows:
"Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. Horton v. Harwick Chem. Corp., 73 Ohio St.3d 679,1995-Ohio-286, 653 N.E.2d 1196, paragraph three of the syllabus. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Dresher v. Burt,75 Ohio St.3d 280, 292-293, 1996-Ohio-107, 662 N.E.2d 264."
 {¶ 27} Once the moving party satisfies its burden, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E); Mootispaw v. Eckstein, 76 Ohio St.3d 383, 385,1996-Ohio-389, 667 N.E.2d 1197. Doubts must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg,65 Ohio St.3d 356, 358-359, 1992-Ohio-95, 604 N.E.2d 138.
1. Subject Matter Jurisdiction
 {¶ 28} In Smith's second assignment of error, he argues that the trial court erred when it determined that it did not have subject matter jurisdiction over his claims. Smith contends that the trial court granted summary judgment based on lack of subject matter jurisdiction. We find no merit to this argument and, therefore, overrule the second assignment of error.
 {¶ 29} The trial court granted summary judgment without opinion. This court cannot presume what reasons dictated the trial court's granting summary judgment, and, further, we operate under a de novo standard of review. Thus, we will address the various reasons supporting the grant of summary judgment.
2. Retaliation
 {¶ 30} In his third assignment of error, Smith argues that the trial court erred in granting summary judgment on his "whistleblower" claim. Smith contends that his conduct was protected by the statute and since he was denied promotions and transfers after he complained about the overtime abuse, there remains an issue of material fact whether the county's actions were a result of his complaints.
 {¶ 31} The Whistleblower Protection statute prohibits the discharge or discipline of an employee whose acts are protected by its provisions. R.C. 4113.52(B) provides in pertinent part:
"* * * No employer shall take any disciplinary or retaliatory action against an employee for making any report authorized by division (A)(3) of this section if the employee made a reasonable and good faith effort to determine the accuracy of any information so reported, or as a result of the employee's having made any inquiry or taken any other action to ensure the accuracy of any information reported under that division. For purposes of this division, disciplinary or retaliatory action by the employer includes, without limitation, doing any of the following:
(1) Removing or suspending the employee from employment;
(2) Withholding from the employee salary increases or employee benefits to which the employee is otherwise entitled;
(3) Transferring or reassigning the employee;
(4) Denying the employee a promotion that otherwise would have been received;
(5) Reducing the employee in pay or position."
 {¶ 32} Smith alleges that the county retaliated by denying him a promotion or a transfer. To make his prima facie case of retaliation, Smith must show that: 1) he engaged in activity which would bring him under the protection of the statute; 2) he was subject to an adverse employment action; and 3) there was a causal link between the protected activity and the adverse employment action. Chandler v. Empire Chemical (1994),99 Ohio App.3d 396, 400, 650 N.E.2d 950.
 {¶ 33} If Smith is able to establish a prima facie case, the burden shifts to the employer to articulate some legitimate, non-retaliatory reason for the actions taken. Should the employer articulate such reason, the burden then returns to the plaintiff to come forward with some evidence to show that the employer's stated reason was, in fact, a pretext for retaliation. Id. at 792.
 {¶ 34} We find that Smith's reporting of the overtime abuses could potentially bring him under the statute's protection, thereby satisfying the first prong. Although Smith argues that he was subject to adverse employment action in the form of a failure to transfer or promote, we need not consider whether that constitutes an "adverse employment action" because we find no causal link between Smith's actions and the county's decision not to promote or transfer him. Even if we found a causal link, we find no evidence that the county's reasons for promoting someone else or failing to transfer Smith were a pretext for retaliation.
 {¶ 35} Smith applied for supervisor positions in March 2001 and March 2002. In March 2001, he was interviewed with seven other candidates. When the county ranked the candidates, Smith was tied for last place. The county chose the first and second ranked interviewees. In March 2002, Smith again applied for a supervisor position. At about the same time, he also applied for retirement disability benefits, which the county granted him. The record shows that the county's policy is to disqualify any applicant who is on retirement disability; therefore, Smith would not have qualified for the position.
 {¶ 36} Smith also argues that the county retaliated against him by refusing to transfer him to a position that he could perform. We find no merit to this argument. Smith has provided no evidence that his requests for transfers were ignored. The record shows that the county did not have a position available for Smith and, in fact, when the county approached him to discuss his return to work, he indicated that he was not interested in working in the mail center (the job his doctor indicated he could perform).
 {¶ 37} We find no causal link between the county's actions and the retaliation that Smith alleges. The record shows, conversely, that Smith's complaints about overtime abuse actually resulted in the discipline of offending employees. Smith has offered no evidence that he was more qualified than the other candidates selected in March 2001 or that he should have been interviewed in 2002 when he was receiving retirement disability benefits. Moreover, Smith's complaints were made in 2002, almost a year after he was first rejected for the supervisor's position. Simply put, Smith is unable to show that the county's actions were a pretext for retaliation. Therefore, we overrule the third assignment of error.
3. Affidavit
 {¶ 38} In the fourth assignment of error, Smith argues that the trial court erred in granting summary judgment based on an insufficient affidavit.
 {¶ 39} Civ.R. 56(E) provides that "supporting and opposing affidavits shall be based on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." "Personal knowledge" is defined as "knowledge of the truth in regard to a particular fact or allegation, which is original, and does not depend on information or hearsay." Brannon v. Rinzler (1991), 77 Ohio App.3d 749,756, 603 N.E.2d 1049.
 {¶ 40} Absent evidence to the contrary, an affiant's statement that his affidavit is based on personal knowledge will suffice to meet the requirement of Civ.R. 56(E). See Papadelisv. First American Savings Bank (1996), 112 Ohio App.3d 576, 579,679 N.E.2d 356. James Downing, the county personnel administrator, filed an affidavit in support of the motion for summary judgment. Although Downing's affidavit did not expressly state that his averments were made with personal knowledge, Smith fails to point to contrary evidence. Therefore, we find no abuse of discretion in the trial court's consideration of the affidavit. Further, a reasonable inference can be drawn from the facts asserted in the affidavit, together with Downing's position as the county's personnel administrator, that he possessed personal knowledge of such facts. See Merchants National Bank v.Leslie (Jan. 21, 1994), Clark App. No. 3072.
 {¶ 41} Smith further argues that Downing's affidavit contains impermissible hearsay. We note that "evidence offered by affidavit in support of or in opposition to a motion for summary judgment must also be admissible at trial in order for the court to rely on it." Dzambasow v. Abakumov, Cuyahoga App. No. 86021,2005-Ohio-6719, citing, Felker v. Schwenke (1998),129 Ohio App.3d 427, 431, 717 N.E.2d 1165. Even if the affidavit contained improper statements, Smith has again failed to support that the averments were, in fact, based on hearsay. Moreover, "if the opposing party fails to object to improperly introduced evidentiary materials, the trial court may, in its sound discretion, consider those materials in ruling on the summary judgment motion." Dzambasow, supra, citing Christe v. GMS Mgt.Co., Inc. (1997), 124 Ohio App.3d 84, 90, 705 N.E.2d 691. Prior to this appeal, Smith had not objected to the affidavit either in his brief opposing summary judgment or in a motion to strike the affidavit. Therefore, we find no error in the trial court's consideration of the document. The fourth assignment of error is overruled.
5. Age discrimination
 {¶ 42} In the fifth assignment of error, Smith argues that the trial court erred in granting summary judgment on his age discrimination claims. He contends that he was passed up for promotion and refused transfers based on his age.
 {¶ 43} R.C. 4112.02 sets forth unlawful discriminatory practices. It provides in pertinent part that "it shall be an unlawful discriminatory practice: (A) For any employer, because of * * * age, to discharge without just cause, to refuse to hire, or otherwise to discriminate against [an employee] with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment."
 {¶ 44} To establish a prima facie case of age discrimination, the employee must show that (1) he is a member of a protected class under R.C. 4112.02 or 4112.14; (2) he was subject to an adverse employment decision; (3) he is qualified for the position; and (4) he was replaced by, or his discharge permitted retention of, a person of comparable qualifications outside the protected class. See Mauzy v. Kelly Services, Inc.,75 Ohio St.3d at 582, 664 N.E.2d at 1276. Smith cannot establish a prima facie case of age discrimination because he cannot satisfy the fourth prong. The county's decision to promote someone other than Smith to a position that Smith never held does not mean Smith was replaced or discharged.[3] Although the top two applicants were outside the protected class, the county presented legitimate reasons for selecting them. For this court to determine otherwise would mean that the county would be required to promote employees based solely on age, instead of the multitude of factors that employers routinely use to determine the best candidate for the position. This is neither the express purpose nor the intent of Ohio's discrimination laws. Therefore, the fifth assignment of error is overruled.
 Motion for relief from judgment {¶ 45} In his sixth and final assignment of error, Smith argues that the trial court erred in overruling his motion for relief from judgment. The decision whether to grant or deny a motion for relief from judgment pursuant to Civ.R. 60(B) is a matter within the sound discretion of the trial court, and the court's ruling will not be reversed absent an abuse of discretion. Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77,514 N.E.2d 1122.
 {¶ 46} In order to prevail on a Civ.R. 60(B) motion, the movant must demonstrate, in pertinent part, that: (1) the party has a meritorious claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time * * *. GTE Automatic Electric v. ARC Industries
(1976), 47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus. The trial court need not hold an evidentiary hearing if the movant fails to demonstrate all three elements of GTE. Yankyv. Yanky, Cuyahoga App. No. 83020, 2004-Ohio-489, citing Kay v.Marc Glassman, Inc., 76 Ohio St.3d 18, 1996-Ohio-430,665 N.E.2d 1102.
 {¶ 47} Smith argues that he should be afforded relief from judgment because he untimely filed his reply to the county's motion for summary judgment. It appears that Smith filed his reply on the same day the trial court granted summary judgment, May 4, 2005. Smith contends that he was incorrectly informed by the court that he had until May 9, 2005 to file his reply, although the docket entry shows that his extension was only to April 28.
 {¶ 48} First, we note that it is the appellant's responsibility to keep abreast of all docket entries and filing deadlines. See Vacha v. Vacha, Cuyahoga App. No. 76811, 2001-Ohio-4124. There is also no evidence to suggest that the trial court failed to consider Smith's brief opposing summary judgment. Finally, as this court reviews the granting of summary judgment de novo, we have had the opportunity to thoroughly review the record and find that any error on the part of the trial court amounts to harmless error. See Civ.R. 61.
 {¶ 49} Even if the trial court communicated the wrong deadline to Smith, the court was within its discretion to deny the motion for relief from judgment. Although Civ.R. 60(B)(1) allows the court to relieve a party from a final judgment for mistake, inadvertence, surprise, or excusable neglect, the rule does not require the court to take such action. Therefore, we find no abuse of discretion and overrule the sixth assignment of error.
Judgment affirmed.
It is ordered that appellee recover of appellant the costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., P.J. and Rocco, J. concur.
[1] Paragraph one states in pertinent part: "plaintiff suffered disabilities which defendant refused to reasonably accommodate, leading to plaintiff's separation from employment in July, 2001."
Paragraph three states in pertinent part: "defendant forced plaintiff to separate from his employment * * * allegedly as a result of disabilities sustained in work related accidents." Paragraph four states in pertinent part: "plaintiff states that he is able to perform the duties of his position or a similar position with reasonable accommodation."
Paragraph five states in pertinent part: "defendant has failed and refused to provide a reasonable accommodation although other [employees] have been permitted to transfer to positions they could perform notwithstanding the disability."
Paragraph eleven states in pertinent part: "plaintiff states that other employees, with disabilities, * * * have been permitted to transfer."
[2] Paragraph seven states in pertinent part: "plaintiff states that he has been passed over for such positions in favor of lesser qualified persons due to plaintiff's disability."
Paragraph ten states in pertinent part: "since [plaintiff] reported evidence of the misconduct, [the county] has [failed] to make any effort to accommodate his work related injuries."
Paragraph twelve states in pertinent part: "plaintiff states that defendants discriminated against him by * * * refusing to permit his continued employment with his work related injuries."
[3] In fact, Smith was never discharged. He applied for, and was granted, retirement disability benefits.