[Cite as *Brown v. Lagrange Dev. Corp.*, 2015-Ohio-133.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Sonja Brown

     Appellant

v.

Lagrange Development Corporation, et al.

     Appellees

Court of Appeals No. L-09-1099

Trial Court No. CI0200703897

**DECISION AND JUDGMENT**

Decided: January 16, 2015

* * * * *

John A. Coble, Joseph F. Albrechta and Brad Culbert, for appellant.

James S. Nowak, Brian C. Kalas, Zachary M. Clark and Patricia A. Wise, for appellees.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellant, Sonja Brown, appeals a judgment of the Lucas County Court of Common Pleas, journalized on February 26, 2009, after a bench trial. In the judgment, the trial court provided findings of fact and conclusions of law and rendered judgment in favor of appellees, Lagrange Development Corporation ("Lagrange"), Terry Glazer, and Nancy Sobecki, and against appellant on all claims asserted by appellant.

{¶ 2} The dispute between the parties arises out of appellant's purchase of a house located at 52 Rockingham Avenue in Toledo, Ohio, from Lagrange in 2004. Lagrange is a nonprofit corporation which acquires and rehabilitates real property in the Lagrange neighborhood in Toledo, Ohio. Appellee Glazer was the executive director of Lagrange at the time. Appellee Sobecki was the housing program manager. Appellant filed suit against the appellees and others on May 29, 2007, on claims arising from the purchase, including claims asserting defective conditions of the property. The trial court dismissed all claims against the other defendants in the case and the case proceeded to trial on December 15 and 16, 2008, solely against appellees.

{¶ 3} Appellant asserts three assignments of error on appeal:

Assignment of error No. 1. The trial court erred as a matter of law by permitting the defense of Caveat Emptor based upon the "As Is" clause in the contract.

Assignment of error No. 2. The trial court erred as a matter of law by finding the validity of a contract between the parties in the absence of agreement.

Assignment of error No. 3. The judgment of the trial court must be reversed as against the manifest weight of the evidence.

{¶ 4} We address assignment of error No. 2 first. Appellant contends under assignment of error No. 2 that the trial court erred in finding that there existed a valid contract between Lagrange and appellant for the purchase of the property. Appellant

2.

contends that there was no contract to purchase the property because she did not agree to the purchase on the terms proposed by Lagrange.

{¶ 5} "Essential elements of a contract include an offer, acceptance, contractual capacity, consideration (the bargained for legal benefit and/or detriment), a manifestation of mutual assent and legality of object and of consideration." *Kostelnik v. Helper,* 96 Ohio St.3d 1, 2002-Ohio-2985, 770 N.E.2d 58, ¶ 16. Central to the analysis is that a contract requires a "meeting of the minds" of the parties. *Noroski v. Fallet*, 2 Ohio St.3d 77, 79, 442 N.E.2d 1302 (1982). "Although the interpretation of the terms of a contract is undertaken as a matter of law and subject to a de novo review, the existence of a contract is a question for the trier of fact." *Guardian Alarm Co. v. Portentoso,* 196 Ohio App.3d 313, 2011-Ohio-5443, 963 N.E.2d 225, ¶ 17 (3d Dist.); *Gruenspan v. Seitz*, 124 Ohio App.3d 197, 211,705 N.E.2d 1255 (8th Dist.1997).

{¶ 6} Appellate review of a trial court's findings of fact at trial is undertaken under a manifest weight of the evidence standard. *C.E. Morris Co. v. Foley Constr. Co.*, 54 Ohio St.2d 279, 376 N.E.2d 578 (1978), syllabus; *Seasons Coal Co., Inc. v. Cleveland,* 10 Ohio St.3d 77, 79-80, 461 N.E.2d 1273 (1984). "Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." *Foley* at syllabus.

{¶ 7} The trial court found that appellant presented Nancy Sobecki a written offer to purchase the Rockingham Avenue house for $79,900 on July 27, 2004. Sobecki then

3.

prepared a loan analysis which was required by Lagrange's Home Committee to determine if appellant was financially eligible to purchase the house. Sobecki submitted the offer with the loan analysis for approval.

{¶ 8} The court also found that Terry Glazer penciled in modifications to the offer, including increasing the purchase price to $84,200. Glazer also changed the date for acceptance of the offer from July 29 to August 3, 2004. Glazer initialed the changes and signed the revised document on July 28, 2004. The court found that Sobecki presented the modified offer to purchase to appellant, and that appellant initialed the document where the acceptance date had been changed but did not initial where the purchase price had been changed. Appellant also did not sign the proposed revised agreement.

{¶ 9} The trial court treated the modified contract terms as a counteroffer, which appellant accepted by her conduct and performance:

When defendant Glazer changed material terms of plaintiff's offer and initialed such changes, he effectively presented to plaintiff a counteroffer. Upon receipt of the counteroffer, plaintiff placed her initials only at the top of the contract where the newly inserted date of "8-3-2004" indicated the date until which the offer remained open for acceptance. While such action by itself, although ambiguous, does not necessarily show acceptance of the counteroffer, subsequent conduct by plaintiff evinces the intention to accept the contract as modified. On August 3, 2004, after the counteroffer was submitted to her, she was present and consented to Ms.

4.

Sobecki faxing the contract and Loan Analysis form to Neighborhood Housing Services for the purpose of securing a mortgage. If plaintiff believed there was no contract, she would have no reason to pursue a mortgage to purchase the property. Approximately one month later plaintiff agreed to close on the property upon the terms as set forth in the modified contract and she received a deed. * * * In the instant case, defendants' counteroffer was accepted by plaintiff through her conduct and performance.

{¶ 10} Appellant testified that she did not agree to the change in purchase price or the other proposed changes to her offer to purchase. Appellant claims there is no evidence that she ever agreed to the proposed changes to her offer.

{¶ 11} Appellees argue that appellant's original proposal required changes to the house (adding central air conditioning) and requiring Lagrange to help pay closing costs. Ms. Sobecki testified that she discussed with appellant the changes proposed by Lagrange.

{¶ 12} It is not necessarily required for all parties to sign a contract for a valid enforceable contract to exist. *Richard A. Berjian, D.O., Inc. v. Ohio Bell Tel. Co.,* 54 Ohio St.2d 147, 152-153, 375 N.E.2d 410 (1978); *Hocking Valley Community Hosp. v. Community Health Plan of Ohio,* 4th Dist. Hocking No. 02CA28, 2003-Ohio-4243, ¶ 16; *CME Fed. Credit Union v. Stultz*, 10th Dist. Franklin No. 98AP-1598, 1999 WL 1009728, * 2, fn. 1 (Nov. 9, 1999). "In case of doubt an offer is interpreted as inviting

5.

the offeree to accept either by promising to perform what the offer requests or by rendering the performance, as the offeree chooses." Restatement of the Law 2d, Contracts, Section 32 (1981). "Generally conduct sufficient to show agreement, including performance, constitutes acceptance of an offer. *Nagle Heating & Air Conditioning Co. v. Heskett,* 66 Ohio App.3d 547, 550, 585 N.E.2d 866 (4th Dist.1990)." *Foor v. Columbus Real Estate Pros.com*, 5th Dist. Delaware No. 12 CAE 08 0063, 2013-Ohio-2848, ¶ 24.

{¶ 13} The counteroffer by Lagrange did not restrict the manner of acceptance. Under the trial court's findings of fact, after Lagrange prepared its counteroffer, appellant applied for and received a loan to finance the purchase, closed on the purchase under the terms proposed by Lagrange, and received a deed on the property. We find competent, credible evidence in the record supports the trial court's finding that appellant accepted the terms of Lagrange's counteroffer by performance.

{¶ 14} We find assignment of error No. 2 not well-taken.

{¶ 15} Under assignment of error No. 1, appellant objects to the trial court's treatment of the defense of caveat emptor and the "as is" clause in the purchase agreement. Appellant contends that caveat emptor is not available as a defense because the defects in the property were not open and discoverable but were latent. Appellant argues that as a result, appellees are subject to liability for claims due to nondisclosure of property defects.

6.

{¶ 16} Appellees argue appellant has mischaracterized defenses arising under the doctrine of caveat emptor and those created by an "as is" clause in the purchase agreement. Appellees argue that caveat emptor and the "as is" clause present separate defenses, not reliant on the other, with caveat emptor providing a defense to claims as to patent defects and "as is" clauses providing a defense claims whether the defects are latent or patent.

{¶ 17} *Layman v. Binns,* 35 Ohio St.3d 176, 519 N.E.2d 642 (1988), outlined the elements of the doctrine of caveat emptor in purchases of real property:

> The doctrine of *caveat emptor* precludes recovery in an action by the purchaser for a structural defect in real estate where (1) the condition complained of is open to observation or discoverable upon reasonable inspection, (2) the purchaser had the unimpeded opportunity to examine the premises, and (3) there is no fraud on the part of the vendor. (*Traverse v. Long* [1956], 165 Ohio St. 249, 59 O.O. 325, 135 N.E.2d 256, approved and followed.) *Layman* at syllabus.

{¶ 18} As the elements of the defense demonstrate, caveat emptor protects against claims arising from conditions of the property that are "open to observation or discoverable upon reasonable inspection." *Loomis v. Troknya*, 165 Ohio App.3d 300, 2006-Ohio-731, ¶ 20 (6th Dist.). Where it applies, the defendant may still remain subject to liability for latent conditions. *Stackhouse v. Logangate Property Mgt.*, 172 Ohio App.3d 65, 2007-Ohio-3171, 872 N.E.2d 1294, ¶ 18-21 (7th Dist.).

7.

{¶ 19} The purchase agreement in this case, however, includes an "as is" clause:

6. **Condition of Property.** Except as previously disclosed in writing to Purchaser, Seller has no knowledge of any underground tanks, faulty major appliances, faulty electrical, plumbing, heating, cooling, sewer, septic, well or water systems, structural or chimney defects, hidden or latent defects (including leakage, water seepage or wall dampness in basement, foundation, bathroom or kitchen areas) in the Property.

EXCEPT _____Purchaser acknowledges that, subject to Purchaser's inspection rights in Paragraph 8, Purchaser is purchasing the Property in its present "as is" condition, including any defects of problems specified in this Agreement or that have been otherwise disclosed in writing by Seller.

{¶ 20} An "as is" clause relieves sellers from a duty to disclose latent defects and defeats claims of fraudulent nondisclosure whether the defects are patent or latent. *Akl v. Maher*, 6th Dist. Lucas No. L-96-125, 1996 WL 748187, *3 (Dec. 30, 1996); *Stackhouse* at ¶ 22; *Felker v. Schwenke*, 129 Ohio App.3d 427, 430, 717 N.E.2d 1165 (8th Dist.1998). Even with an "as is" clause in the sales agreement, the seller remains subject to liability for a claim of positive fraud, "that is, a fraud of commission rather than omission, such as fraudulent misrepresentation or fraudulent concealment." *Majoy v. Hord*, 6th Dist. Erie No. E-03-037, 2004-Ohio-2049, ¶ 18; *Boulton v. Vadakin*, 4th Dist. Washington No. 07CA26, 2008-Ohio-666, ¶ 17.

8.

**{¶ 21}** We find appellant's argument that the defects were latent and that appellees remained subject to liability for failure to disclose latent defects is without merit. The "as is" clause removed any duty to disclose latent defects and acts to defeat claims of fraudulent nondisclosure. We address under assignment of error No. 3 whether the trial court erred in granting appellees judgment on appellant's claims of fraudulent misrepresentation and fraudulent concealment.

**{¶ 22}** We find assignment of error no. 1 not well-taken.

**{¶ 23}** Under assignment of error No. 3, appellant asserts that the trial court judgment is against the manifest weight of the evidence. The standard of review for a manifest weight of the evidence challenge to a trial court verdict is the same in civil and criminal cases. *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, ¶ 17. Such a challenge questions whether the prevailing party met their burden of persuasion. *Id.* at ¶ 19. The analysis in *State v. Thompkins,* 78 Ohio St.3d 380, 678 N.E.2d 541 (1997) applies:

> "The [reviewing] court * * * weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [finder of fact] clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed and a new trial ordered." (Alterations made in *Tewarson.*)
> *Eastley* at ¶ 20, quoting *Tewarson v. Simon*, 141 Ohio App.3d 103, 115, 750 N.E.2d 176 (9th Dist.2001). (Additional citations omitted.)

9.

**{¶ 24}** In undertaking this analysis, we give deference to the findings of the trial court "with the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." *Seasons Coal,* 10 Ohio St.3d at 80, 461 N.E.2d 1273.

**{¶ 25}** Appellant contends that the weight of the evidence established that Lagrange and its employees engaged in fraudulent misrepresentations of fact as to the condition of the property and fraudulent concealment of the conditions. The elements of fraud are:

> (a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance. *Cohen v. Lamko, Inc.*, 10 Ohio St.3d 167, 169, 462 N.E.2d 407 (1984).

**{¶ 26}** Appellant contends that Lagrange offered the house for sale as "completely rehabilitated," on the for sale sign posted on the property, when it was not. Lagrange also referred to the property as a "complete rehab" in a loan analysis form. In its judgment, the trial court directly addressed appellant's contention that Lagrange fraudulently

10.

misrepresented that the house was completely rehabilitated. With respect to contentions based upon the for sale sign, the court concluded:

> Plaintiff claims that defendants fraudulently misrepresented that the house was completely rehabilitated, when it was not. Plaintiff has not proven by a preponderance of the evidence that a sign at the front of the house stated it had been "completely rehabilitated." Other than plaintiff's testimony as to her recollection of the wording on the sign, there was nothing else presented to corroborate her statement. Plaintiff called several neighbors in her case-in chief, but none of them testified as to the sign defendants had placed at the house.

{¶ 27} The record also discloses that Nancy Sobecki testified with respect to the for sale sign used at the house. Sobecki testified that Lagrange used its own signs and she is the person who has designed them. She testified that Lagrange had used a sign stating "Another home under rehab" in the past and denied use of other language on its signs. According to Sobecki, the language used always indicated Lagrange was involved in rehabbing another home in the neighborhood.

{¶ 28} With respect to the "complete rehab" language in the loan analysis form, the court concluded:

> Plaintiff cannot rely upon the wording of the Loan Analysis form, as that was an internal document of LDC [Lagrange] which Nancy Sobecki prepared for its Home Committee. Such document does not constitute a

11.

representation to plaintiff, and is not evidence of an intent to mislead plaintiff.

{¶ 29} Nancy Sobecki testified that the loan analysis form is an internal document prepared on a homebuyer who requests financial assistance from Lagrange to purchase the home. The form was prepared by her and submitted to Lagrange's housing committee for approval. Sobecki testified that the document was not intended to be given to appellant and that she never showed the document to appellant.

{¶ 30} Sobecki also testified that the term "complete rehab" used on the form was for internal use and meant "we completed to the housing code, the City of Toledo, the electrical, plumbing, furnace and roof."

{¶ 31} The trial court also considered claims by appellant "that defendants committed fraud by concealing from her the conditions relating to basement flooding, defective wiring, and leakage from the roof and chimney." The court found:

As to faulty electric components and roof or chimney issues, such had been inspected by the City of Toledo and had found to meet code requirements. Moreover, plaintiff has failed to prove a fraudulent concealment by defendants of such conditions.

{¶ 32} With respect to claimed concealment of the condition of the basement, the court found:

Regarding the basement, the weight of the evidence is that the water problem was from heavy rains causing a sewer backup. However, there is

12.

insufficient evidence to find that the defendants either misrepresented the condition of the basement or knew of flooding problem in plaintiff's basement and concealed it from her. Further, absent a fraudulent concealment, defendants had no duty to disclose any such condition because the contract contained the "as is" clause.

{¶ 33} We have reviewed the record and find competent, credible evidence in the record supports the trial court's judgment. We find no miscarriage of justice in the court's resolution of the credibility of witnesses and conflicts in the evidence at trial. We conclude that the trial court's judgment is not against the manifest weight of the evidence.

{¶ 34} We find assignment of error No. 3 not well-taken.

{¶ 35} Justice having been afforded the party complaining, we affirm the judgment of the Lucas County Court of Common Pleas. We order appellant to pay the costs of this appeal, pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.   _____
            JUDGE

Arlene Singer, P.J.

           _____
Thomas J. Osowik, J.       JUDGE
CONCUR.

           _____
            JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.